THE MERCANTILE TRUST COMPANY, as Trustee, Respondent, *v.* THE ATLANTIC TRUST COMPANY, Impleaded, etc., Appellant.

*Rights of a pledgee, as against a depositary of the pledge, not affected by a change in the terms of the pledge.*

When a pledge is in the possession of a depositary for the pledgee, the pledgee, having no notice of any other rights on the part of the depositary, does not lose his lien upon the pledge and his right to receive it from the depositary, by reason of the fact that the pledgor and pledgee have made alterations in the terms of the pledge.

The complaint of the Mercantile Trust Company alleged that the United Electric Traction Company executed to the plaintiff a guaranty for the payment of certain bonds, whereby the traction company agreed not to incumber its property until the guaranteed bonds were paid, and that at the same time there were deposited with the defendant, the Atlantic Trust Company, certain shares of stock as security for the performance of the guaranty ; that the defendant, the Atlantic Trust Company, indorsed upon the guaranty its certificate that the stock was deposited with it as security for the performance of the guaranty ; that default had been made on the guaranteed bonds, and demanded that the defendant deliver up the stock so deposited with it.

The defendant, the Atlantic Trust Company, set up in its answer, as a defense in avoidance, that it had made the certificate of the deposit of the stock, and had made advances to the traction company on the stock, on the faith of the agreement of the traction company in its guaranty to the plaintiff not to incumber its property, and that, contrary to that agreement, and without the consent of the defendant, the traction company had mortgaged certain of its property to the plaintiff.

It was not alleged that notice of any claim upon the stock had been given by the defendant to the plaintiff.

*Held*, on demurrer, that the facts set up in the answer in avoidance did not constitute a defense.

APPEAL by the defendant, the Atlantic Trust Company, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 23d day of March, 1893, upon a decision rendered at the New York Special

Term sustaining the plaintiff's demurrer to one of the defenses set up in the defendant's answer.

*J. L. Ward,* for the appellant.

*W. B. Hornblower,* for the respondent.

VAN BRUNT, P. J.:

Both parties in their pleadings have resorted to the pernicious practice which has been so often condemned by the courts, of referring to allegations in pleadings as being embraced between certain folios, which style of allegation necessarily produces the greatest confusion and uncertainty, as the folios in a printed record are entirely different from those which appear in the original pleadings.

Upon an examination of the pleadings presented upon this appeal it appears that that portion of the answer which is demurred· to, and which is pleaded as a further and separate defense, contains no denials, and, therefore, the defense is to be treated as an avoidance simply of the cause of action alleged in the complaint. Briefly stated, such cause of action is to the effect that on or about the 29th of April, 1890, the defendant, the United Electric Traction Company, duly made and delivered to the plaintiff its certain guaranty in the words and figures following :

" For Value Received, The United Electric Traction Company, a corporation created and organized under the laws of the State of New Jersey, does hereby, for itself, its successors and assigns, guarantee to The Mercantile Trust Company, as Trustee, the payment of principal and interest, at maturity, of one hundred and two (102) Bonds of The Julien Electric Traction Company, of $1,000 each, being numbers 1 to 30, 57 to 64, 67 to 70, 76 to 105, 110, 118, 123 to 150; and The United Electric Traction Company aforesaid does hereby, for itself, its successors and assigns, covenant and agree to comply with all the conditions, stipulations and agreements contained in the Mortgage or Deed of Trust executed by The Julien Electric Traction Company to The Mercantile Trust Company, trustee, bearing date June 26, 1889, and a supplemental mortgage confirming the same bearing date October 18, 1890, to secure said bonds, more especially the requirements of said mortgage as to

renewing, replacing and keeping in good condition, all the property covered by said mortgage and said supplemental mortgage. And The United Electric Traction Company aforesaid does hereby, for itself, its successors and assigns, covenant, stipulate and agree that the United Electric Traction Company aforesaid will not make, nor allow to be made or issued any mortgage, mortgage bonds, debentures or any preference securities other than the $2,000,000 in preferred stock provided for in the said The United Electric Traction Company's articles of incorporation, until all of the said 102 bonds above referred to, both principal and interest, shall have been paid or redeemed pursuant to the terms of said bonds."

And that at or about the same time there was deposited with the defendant, the Atlantic Trust Company, 30,000 shares of the capital stock of the Consolidated Electric Storage Company, as security for the performance of said guaranty, which said stock the said defendant, the Atlantic Trust Company, received for such purpose, and indorsed upon said guaranty its certificate as follows :

" There has been deposited with the Atlantic Trust Co. 30,000 shares of the Consolidated Electric Storage Company's stock security for the performance of the above guarantee."

That since July, 1891, default having been made in the payment of the interest due upon the bonds mentioned in the guaranty, and said bonds having become due and payable, payment thereof has been duly demanded of the United Electric Traction Company and its receiver, which payment has been refused, and that after such refusal the plaintiff duly demanded of the defendant, the Atlantic Trust Company, that it deliver to the plaintiff said 30,000 shares of capital stock, or that it sell the same or cause the same to be sold, the proceeds to be applied to the payment of the principal and interest remaining unpaid upon said bonds mentioned in the guaranty ; but said defendant, the Atlantic Trust Company, has refused to comply with either of said demands. After an allegation as to the amount of the debt, judgment is demanded that the Atlantic Trust Company be decreed to deliver said 30,000 shares of stock to the plaintiff, or that said stock be sold under the direction of the court, and the proceeds applied to the payment of the principal and interest remaining unpaid of the bonds mentioned in said guaranty.

To this complaint the defendant, the Atlantic Trust Company, alleged by way of defense, that prior to the execution of the guaranty of the United Electric Traction Company hereinbefore mentioned, and prior to the making of the indorsement thereon, that said Atlantic Trust Company had received as security for the performance of said guaranty 30,000 shares of the Consolidated Electric Storage Company's stock, said Electric Traction Company had hypothecated to the Atlantic Trust Company, as security for advances thereafter to be made to it by the Atlantic Trust Company, its interest in 60,000 shares of the capital stock of the Consolidated Electric Storage Company theretofore issued and delivered to and then standing in the name of the Atlantic Trust Company as trustee, 30,000 shares thereof being the shares which the said Atlantic Trust Company acknowledged to have received as security for the performance of said guaranty; and that the said Atlantic Trust Company signed said acknowledgment relying upon, and upon the faith of, the agreement of the defendant, the United Electric Traction Company, contained in the guaranty, that said United Electric Traction Company would not make nor allow to be made or issued any mortgage, mortgage bonds, debentures, or any preferred securities, other than the $2,000,000 in preferred stock provided for in said United Electric Traction Company's articles of incorporation, until all the bonds referred to in the guaranty, both principal and interest, should have been paid and redeemed, and that thereafter and prior to the 8th of December, 1890, relying upon and upon the faith of said agreement, the Atlantic Trust Company advanced and loaned to said United Electric Traction Company divers sums of money, amounting in the aggregate to the sum of $190,000 or thereabouts, upon the hypothecation to it as security for the payment therefor of the interest of said defendant, the United Electric Traction Company, in the 60,000 shares of the Consolidated Electric Storage Company's stock as above set forth.

The defendant then alleged that on or about the 8th of December, 1890, the said United Electric Traction Company without its consent executed to the plaintiff as trustee its certain mortgage or deed of trust, whereby it conveyed to the said plaintiff certain specified real and personal property therein set forth to secure its bonds to the amount in the aggregate of $700,000, which said trust was

accepted by the plaintiff, who thereafter certified said bonds, which were thereafter issued, and are still outstanding and unpaid.

To this defense the plaintiff interposed a demurrer upon the ground that it was insufficient in law upon the face thereof.

The ground upon which the defendant claims to uphold the defense demurred to is, that the 30,000 shares of stock deposited as collateral, are to be deemed a surety, and that the permitting by the plaintiff of the violation of the restrictions contained in the guaranty upon which this 30,000 shares of stock was a surety, changed the position of the surety, and discharged the stock from its obligation. It seems to us that this position which it is necessary to maintain, is giving a personality to a thing, and a power of contract to an article of personal property, which has never yet been recognized in the law. It is treating the 30,000 shares as though it was a contracting party; whereas it was the owner of this stock that was the contracting party; and that owner, as alleged in the answer, was the United Electric Traction Company, the guarantor in the instrument which was originally given to the plaintiff.

The claim is that the Mercantile Trust Company having entered into a contract with the United Electric Traction Company, and that company having deposited as collateral to such contract, certain shares of stock (it is true such deposit was in the hands of the Atlantic Trust Company, but as far as the relations between these parties were concerned, they were merely depositaries), the parties to the agreement, one of them being the owner of the stock, as far as the plaintiff knew, could not alter the terms of the guaranty without discharging the pledge. It seems to us that the statement of such a proposition shows that it is not well taken. The plaintiff had no notice of the intervention or any other rights, and whether the stock was deposited with the Atlantic Trust Company or with itself as pledgee, its relations to the security were precisely the same; and it cannot for a moment be claimed that where a pledge is in the hands of the pledgee, and the pledgor and pledgee make alterations in the terms of the pledge, the pledgee having no notice of the intervention of any other rights, he can possibly thereby lose his lien upon the pledge.

It is perfectly clear as far as the plaintiff was concerned, that this restriction in the contract of guaranty was for its protection, and

that it inured to the benefit of the plaintiff, and of nobody else. It is not even alleged that it was made for the purpose of influencing, or that it did influence, the action of the Atlantic Trust Company, and if it had been so alleged, there being no pretense that the Mercantile Trust Company had notice of any such purpose, its rights could not be affected thereby. If the Atlantic Trust Company, being the trustee of the plaintiff so far as this stock was concerned, claimed any interest therein which was inconsistent with the right of the plaintiff to deal with the United Electric Traction Company, the owner of the stock deposited and who made the deposit, as the owner thereof, notice of such interest should have been given if it was intended to restrict the right of the plaintiff to deal with the owner of this collateral.

We think, therefore, that under the circumstances, whether or not the Atlantic Trust Company made advances upon the strength of this agreement of the United Electric Traction Company with the Mercantile Trust Company not to incumber its property, such agreement not having been made for its benefit and the Mercantile Trust Company not having consented to hold such agreement for any other purpose than its own protection, is entirely immaterial, and is a matter with which the plaintiff has nothing to do. The facts alleged in the portion of the answer demurred to, therefore, disclose no reason for a refusal to the plaintiff of the relief which it would have been undoubtedly entitled to but for the existence of such alleged facts.

The judgment should, therefore, be affirmed, with leave to the defendant to amend its answer in respect to this defense, upon payment of the costs of the appeal and of the court below.

· FOLLETT, J., concurred.

Judgment affirmed, with leave to the defendant to amend its answer in respect to defense stated in opinion, upon payment of the costs of the appeal and of the court below.