The Mercantile Trust Company, as Trustee, Respondent, *v.* The Atlantic Trust Company, Appellant, Impleaded with Others.

*Contract to hold property as security — secret contract as a defense thereto — waiver of a covenant in a contract, an estoppel — informality in the execution of a guaranty as a defense.*

A trust company, having contracted to hold certain shares of stock of a corporation as security for certain bonds, cannot avail itself of a secret contract, by which it received such shares of stock in pledge, as a defense to an action to compel it to perform its contract to hold the stock as security for such bonds.

Where a party to a contract has waived the performance of a covenant contained therein, he is estopped from setting up its non-performance as a defense to an action upon the contract.

The fact that there may have been some informality in the execution of a contract of guaranty, is not available as a defense to a person who is neither a surety nor a guarantor, but a mere depositary of property under an agreement that he would hold the same as security for the performance of the contract of guaranty.

Appeal by the defendant, The Atlantic Trust Company, from a judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of New York on the 21st day of January, 1895, upon the decision of the court, rendered after a trial at the New York Special Term, directing the sale and disposition of the proceeds of certain stock.

· On June 26, 1889, the Julien Electric Traction Company, a New Jersey corporation, executed a mortgage on its property to the Mercantile Trust Company as trustee, to secure the payment of 200 bonds of $1,000 each, dated on that day and payable July 1, 1894, with interest at the rate of six per cent, payable on the first days of January and July in each year. On October 18, 1889, said mortgagor executed a supplemental mortgage to the trust company further to secure the payment of said bonds, 102 of which are described in the contract of guaranty hereinafter quoted.

April 18, 1890, the Consolidated Electric Storage Company, a New Jersey organization, issued to the Atlantic Trust Company 119,960 shares of its capital stock for the purchase of certain property specified in the resolution authorizing the issue of said shares, which property was afterwards, and before April 28, 1890, acquired and transferred to the corporation. After paying for this property there was left in the possession of the trust company 60,000 shares of said stock, 30,000 of which are ·mentioned in the contract of guaranty.

On April 28, 1890, the United Electric Traction Company, a New Jersey corporation, executed and delivered to the Mercantile Trust Company the following agreement:

"For value received the United Electric Traction Company, a corporation created and organized under the laws of the State of New Jersey, does hereby, for itself, its successors and assigns, guarantee to the Mercantile Trust Company, as trustee, the payment of principal and interest, at maturity, of one hundred and two (102) bonds of the Julien Electric Traction Company, of $1,000 each, being numbers 1 to 30, 57 to 64, 67 to 70, 76 to 105, 110, 118, 123 to 150; and the United Electric Traction Company aforesaid does hereby, for itself, its successors and assigns, covenant and agree to comply with all the conditions, stipulations and agreements contained in the Mortgage or Deed of Trust executed by the Julien Electric Traction Company to the Mercantile Trust Company, trustee, bearing date June 26, 1889, and a supplemental mortgage con-

firming the same bearing date October 18, 1890, to secure said bonds, more especially the requirements of said mortgage as to renewing, replacing and keeping in good condition all the property covered by said mortgage and said supplemental mortgage ; and the United Electric Traction Company aforesaid does hereby, for itself, its successors and assigns, covenant, stipulate and agree that the United Electric Traction Company aforesaid will not make, nor allow to be made or issued any mortgage, mortgage bonds, debentures or any preference securities other than the $2,000,000 in preferred stock provided for in the said the United Electric Traction Company's articles of incorporation, until all of the said 102 bonds, above referred to, both principal and interest, shall .have been paid or redeemed pursuant to the terms of said bonds.

"In witness whereof, the United Electric Traction Company aforesaid has hereunto caused its corporate seal to be affixed and these presents to be subscribed by its proper officers thereunto duly authorized, this 28th day of April, 1890.

"UNITED ELECTRIC TRACTION COMPANY,
                    "By R. L. BELKNAP,
                                        "*President.*

"Signed, sealed and delivered
        in the presence of
                "[L. S.]
"Attest:
    "W. B. STEVENSON,
                "*Secretary.*"

At the date of this agreement, the Atlantic Trust Company, by its president, executed and delivered to the plaintiff this receipt, which was indorsed on the contract of guaranty :

"There has been deposited with the Atlantic Trust Co. 30,000 shares of the Consolidated Electric Storage Company's stock security for the performance of above guarantee.
                            "W. H. MALE,
                                        "*Pt.*"

The bonds not being paid, the plaintiff demanded that the Atlantic Trust Company deliver the shares of stock to the plaintiff, or that the Atlantic Trust Company sell the shares and apply the avails towards the payment of the bonds, which the trust company refused

to do, whereupon this action was brought to compel it to deliver the stock to the plaintiff. Before the action was begun, a receiver had been appointed for the United Electric Traction Company. The Consolidated Electric Storage Company and the United Electric Traction Company and its receiver are joined as parties defendant with the Atlantic Trust Company. The trust company and the receiver answered, the other defendants making default. After a trial at Special Term, a judgment was ordered adjudging that the Atlantic Trust Company deliver the shares of stock to plaintiff, from which the trust company alone appeals.

*J. Langdon Ward*, for the appellant.

*Wm. B. Hornblower*, for the respondent.

FOLLETT, J.:

When this action was before this court on the appeal from the first interlocutory judgment sustaining a demurrer to the matter pleaded in avoidance in the original answer, it was held that the facts so pleaded were insufficient to constitute a defense, but leave was given to serve an amended answer. (69 Hun, 264.) Subsequently the Atlantic Trust Company served an amended answer pleading further facts by way of avoidance, to which the plaintiff demurred on the ground that they were insufficient to constitute a defense. The demurrer was sustained and an interlocutory judgment entered which granted leave to the defendant to plead anew; of which privilege the defendant availed itself and filed and served a second amended answer. Upon the issues so joined, the action was tried and a judgment ordered for the plaintiff.

A demurrer runs through all the pleadings, and the effect of the interlocutory judgments is that the facts alleged in the complaint, unless successfully controverted or avoided, are sufficient to constitute a cause of action, and that the facts pleaded in the original and first amended answer by way of avoidance are insufficient to constitute a defense. The facts alleged in the complaint were proved on the trial, and thus, under our former decision, a cause of action was established, unless a valid plea in avoidance was proved.

The Atlantic Trust Company, by way of a defense, proved that April 28, 1890, the United Electric Traction Company pledged to

the trust company said 60,000 shares of stock as security for the repayment of all moneys loaned by the trust company on the promissory notes of the United Electric Traction Company, and that April 28, 1890, the date of the contract of guaranty, and after the trust company had indorsed its receipt thereon and delivered it to the plaintiff, it loaned from time to time to the United Electric Traction Company large sums of money secured to be paid by eleven promissory notes, the first dated May 12, 1890, and the eleventh November 10, 1890, given by the traction company to the trust company, which have not been paid, and that by reason of these facts the trust company has a lien on the shares. It is not alleged in the answer of the trust company, nor was it proved on the trial, that the plaintiff or the bondholders, for whom it acted as trustee, had notice that the shares were so pledged, and the Atlantic Trust Company, having contracted to hold the 30,000 shares as security for the 102 bonds, cannot now avail itself of the secret contract by which it received the shares in pledge as a defense to an action to compel it to perform its contract to hold them as security for the 102 bonds.

By reference to the contract of guaranty it will be seen that it contains this covenant: "And the United Electric Traction Company aforesaid does hereby, for itself, its successors and assigns, covenant, stipulate and agree that the United Electric Traction Company aforesaid will not make, nor allow to be made or issued, any mortgage, mortgage bonds, debentures or any preference securities other than the $2,000,000 in preferred stock provided for in the said the United Electric Traction Company's articles of incorporation, until all of the said 102 bonds above referred to, both principal and interest, shall have been paid or redeemed pursuant to the terms of said bonds."

December 8, 1890, the United Electric Traction Company mortgaged its property to the Mercantile Trust Company (the plaintiff), as trustee, to secure the payment of 1,800 bonds, amounting to $700,000. As a defense the Atlantic Trust Company alleges that the execution of the mortgage was a violation of the above covenant, and that the plaintiff, being a party to the mortgage, cannot compel the defendant to deliver the 30,000 shares, which it alleges

it has the right to retain as security for the payment of said eleven promissory notes. The answer to this is that the Atlantic Trust Company knew before the mortgage was executed that it was to be given, and its president advised that it should be executed to the Mercantile Trust Company as trustee. These facts were proved on the trial and were not disputed, though the president of the Atlantic Trust Company was a witness. More than this, he corroborated the testimony of the witnesses who testified to these facts. This appellant, having waived the performance of the covenant, is estopped from urging its non-performance as a defense to this action. The defendant gave no evidence of any defense not pleaded in its original and first amended answer, and it seems quite unnecessary further to discuss the propositions which were considered at General Term (69 Hun, 264) and subsequently at Special Term on a demurrer to the first amended answer.

As a ground of error, the learned counsel for the appellant insists that the execution by the United Electric Traction Company of the guaranty was not legally established. It is urged that this contract is one which the officers of the corporation could not execute without the authority of the board of trustees. On this trial it was proved and not denied, that the contract was executed by the president of the corporation, and that its corporate seal was affixed. This the defendant insists was not sufficient, and asserts that the plaintiff should have gone further and proved that it was executed by the authority of the board of directors. We think the defendant is not in a position to raise this question. It is not a surety nor guarantor, but a mere depositary of the shares under an agreement that it would hold them as security for the performance of the contract of guaranty. The fact that there may have been some informality in the execution of the contract of guaranty, is not available as a defense to this defendant. It is in the same position as an agent who collects money for his principal which the principal could not have collected in an action against the person who pays it. In such a case the agent cannot interpose as a defense, when called on to pay over the money to his principal, that he could not have enforced the demand as against the person from whom collected. It is like the case of a public officer who collects money upon an execution or a warrant which could not have been enforced

had the person against whom it was issued resisted. The officer is bound to pay over the money collected, in accordance with the command of his warrant, and a defense which might have been available to the person from whom the money was collected is not available to the officer. (*People ex rel. Martin* v. *Brown*, 55 N. Y. 180.) It was not necessary for the plaintiff to prove that the board of directors authorized the execution of the guaranty in order to lay the foundation for a judgment against the defendant requiring it to deliver the 30,000 shares of stock in accordance with its agreement.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.